

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00204-CV

**CROSSTEX NORTH TEXAS GATHERING, L.P.,**

                                                            **Appellant**

 **v.**

**FORT WORTH & WESTERN RAILROAD AND
CEN-TEX RURAL RAIL TRANSPORTATION DISTRICT,**

                                                            **Appellees**

---

### From the County Court at Law No. 2
### Johnson County, Texas
### Trial Court No. E200700084

---

## MEMORANDUM OPINION

---

Crosstex North Texas Gathering, L.P. appeals the trial court's dismissal of Crosstex's condemnation proceeding after granting Fort Worth & Western Railroad Company's and Cen-Tex Rural Rail Transportation District's plea to the jurisdiction. We reverse and remand.

Crosstex sought to place a natural gas pipeline under a railroad right-of-way of tracks owned by Cen-Tex and operated by FW&W. When the parties could not agree to the purchase of a permanent easement, Crosstex filed a petition in condemnation

seeking to condemn a 20-foot permanent easement for the installation of a 24-inch natural gas pipeline. Special commissioners were appointed and a hearing was held.

FW&W and Cen-Tex did not appear at the hearing. Instead, they filed with the trial court a single document combining a special appearance, plea to the jurisdiction, and objections to the condemnation proceeding. FW&W made two central arguments as to why their plea should be granted: Crosstex failed to exhaust the administrative process for seeking a crossing; and Crosstex did not have condemnation authority over FW&W and Cen-Tex. Within the authority argument, FW&W claimed that Crosstex could not condemn as a "Gas Corporation" or as a "Gas Utility," and that Crosstex's authority to condemn did not arise from article 6550c of the Texas Revised Civil Statutes and was preempted by federal law.

The trial court granted the entire "motion" on only one ground raised by FW&W and Cen-Tex in their plea to the jurisdiction: that there was no statutory authority for Crosstex to condemn the real property of Cen-Tex. The trial court then specifically held, "the Court need not and does not reach the additional jurisdictional issue of complete federal preemption asserted by FWWR or any other arguments advanced in the pleadings of Defendants."

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-226 (Tex. 2004). Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling de novo. *Id.* at 228; *Johnson v. Johnson County*, 251 S.W.3d 107, 109 (Tex. App.—Waco 2008, pet. denied).

Recently, the Fort Worth Court of Appeals decided the "no authority" issue raised by FW&W and Cen-Tex contrary to the trial court's ruling. *See Fort Worth & Western R.R. Co. v. Enbridge*, Nos. 02-07-403-CV, 02-07-405-CV, 02-07-406-CV, 2009 Tex. App. LEXIS 7761 (Tex. App.—Fort Worth Oct. 1, 2009, no pet. h.). We have studied the opinion and agree with the analysis and decision made by the Fort Worth Court.[1]

Accordingly, pursuant to the same analysis as used by the Fort Worth Court, we hold that the trial court erred in granting the combined special appearance, plea to the jurisdiction, and objections of FW&W and Cen-Tex and in dismissing Crosstex's condemnation proceeding with prejudice.

The trial court's order of dismissal is, therefore, reversed and this appeal is remanded for further proceedings.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Reversed and remanded
Opinion delivered and filed November 10, 2009
[CV06]

---

[1] We note that the opinion also disposes of many, if not all, of the other arguments raised by FW&W and Cen-Tex.